IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIVIAN WRIGHT,** | : | **CIVIL ACTION NO. 1:06-CV-2278** |
| Petitioner | : | **(Judge Conner)** |
| v. | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

Vivian Wright ("Wright"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Correctional Facility, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 27, 2006, seeking release from "indefinite, mandatory detention." (Doc. 1, p. 6). For the reasons set forth below, the petition will be denied.

**I.     Factual Background**

Wright, a native and citizen of Jamaica, entered the United States on or about June 14, 1990, as a lawful permanent resident. (Doc. 7, Exhibit ("Ex.") A, p. 3). On May 24, 2006, ICE issued a "Notice to Appear" for removal proceedings under section 240 of the Immigration and Nationality Act (the "Act"), as amended, charging that he was removable under sections 237 (a)(2)(A)(ii) because he was convicted of two crimes involving moral turpitude, 237 (a)(2)(B)(i) of the Act based on a conviction relating to a controlled substance, and section 237(a)(2)(A)(iii),

because he was convicted of an aggravated felony.  (Id. at pp. 4, 5).

Wright was taken into ICE custody on May 25, 2006.  (Doc. 7, Ex. B).  On August 4, 2006, the immigration judge dismissed the aggravated felony ground of removal, but ordered Wright removed from the United States to Jamaica because he was convicted of crimes involving moral turpitude.  (Id. at Ex. C).  Wright appealed the decision.  (Id. at Ex. D).  The appeal is presently pending before the Board of Immigration Appeals.

**II.    Discussion**

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226.  Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States.  Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "The Attorney General shall take into custody any alien who– (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  8 U.S.C. § 1226(c)(1).  Crimes of moral turpitude fall under § 1226(a)(2)(A)(ii).  It is clear that Wright's August 4, 2006, order of removal is not administratively final and that his detention is authorized by 8 U.S.C. § 1226(c); as such, his detention is mandatory.

The United States Supreme Court held in Demore v. Hyung Joon Kim, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during the pendency of removal proceedings does not violate the protections guaranteed

under the Constitution. In <u>Demore</u>, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. <u>See id.</u>, 538 U.S. at 523-524. Therefore, as Wright's detention is both mandatory and constitutionally permissible, his petition for release from custody will be denied.

An appropriate order will be entered.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      January 9, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIVIAN WRIGHT,** : | **CIVIL ACTION NO. 1:06-CV-2278** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **BUREAU OF IMMIGRATION AND** : | |
| **CUSTOMS ENFORCEMENT,** : | |
| Respondent : | |

## ORDER

AND NOW, this 9th day of January 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition is DENIED.

2. The Clerk of Court is directed to CLOSE this case.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge